# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:11-CR-00073-KDB-DSC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **BELINDA BARKER,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's *pro se* "Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)." (Doc. No. 1023). Having carefully considered the motion and the attached exhibits, the Court finds Defendant has not established that a sentence reduction is warranted under 18 U.S.C. § 3582(c). Accordingly, the Court will deny her motion.

## I. BACKGROUND

Defendant pleaded guilty to one count of conspiracy to distribute, possess with the intent to distribute, and manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In August 2014, Defendant was sentenced to 156 months of imprisonment. (Doc. No. 776). Defendant is serving her sentence at Federal Prison Camp (FCP) Alderson, a minimum-security camp located in Alderson, West Virginia. She is now 52 years old and has a projected release date of March 18, 2023. Defendant asks for compassionate release on the grounds that her age and underlying medical conditions—which she claims include hepatitis C, a scarred lung, lipoma tumor, osteoporosis, rheumatoid arthritis, back and shoulder pain, and asthma—place her at a greater risk of serious illness from COVID-19 complications.

## II. LEGAL STANDARD

A court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the exceptions to this general rule is a motion for compassionate release. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment.**—The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

While the statute references an applicable policy statement, there is as of now no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. *Id*.

Thus, to succeed on a motion for compassionate release under 18 U.S.C. § 3582(c), a defendant must first exhaust her administrative remedies as described by the statute. Once the

defendant has exhausted her remedies, the court determines whether extraordinary and compelling reasons warrant a reduction and considers the relevant sentencing factors under § 3553(a) to determine if an individualized application of those factors support compassionate release. A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g., United States v. Ebbers,* 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin,* No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### III. DISCUSSION

*A. Exhaustion of Administrative Remedies*

A prisoner may bring a motion for compassionate release before the court only if she "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on her behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, 960 F.3d 831 (6th Cir. June 2, 2020) (holding the administrative exhaustion requirement is non-jurisdictional). The majority view is that the exhaustion requirement is a non-jurisdictional requirement that can be waived. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zekerman*, 16 Cr. 194 (AT), 2020 WL

1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Such an exception may include where the exhaustion requirement would be futile. *See, e.g.*, *Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 3:19cr179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) ("[I]n light of the urgency of Defendant's request, the likelihood that she cannot exhaust her administrative appeals during her remaining eleven days of imprisonment, and the potential for serious health consequences, the Court waives the exhaustion requirement of Section 3582(c)(1)(A).").

Defendant's previous motion for compassionate release was denied without prejudice to a renewed motion after exhaustion of her administrative remedies. (Doc. No. 1021). In her first motion, Defendant attached the warden's denial of her compassionate release request but failed to attach evidence that she appealed that denial to the regional and national offices. Defendant has not offered further evidence of exhaustion in her renewed motion that is now before the Court. Thus, Defendant has still failed to exhaust her administrative remedies as required under the statute.

However, this time Defendant argues that the Court should waive the administrative exhaustion requirement due to the COVID-19 pandemic. According to BOP records, no inmate has died from COVID-19 at FPC Alderson and no inmate is currently positive for the disease while twelve inmates have recovered. Moreover, BOP is soon to begin vaccinating inmates with a goal of having first doses to all correctional facilities by mid-February. Defendant's generalized concerns regarding the possible spread of COVID-19 amongst the inmate population at FPC Alderson are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role and its extensive and professional efforts to curtail the

virus's spread. Regardless, even if the exhaustion requirement was met, she has not shown that extraordinary and compelling circumstances warrant her release.

B. *Extraordinary and Compelling Reasons*

Defendant asserts that her vulnerability to COVID-19 is an "extraordinary and compelling reason" for an immediate reduction in her sentence. She also complains that BOP has failed to contain COVID-19, is unable to meet CDC guidelines, and is unable to provide adequate healthcare, among other things. While Defendant's medical records reflect that she suffers from most of the problems she claims (her medical records do not reflect that she has asthma[1]), none of the conditions Defendant suffers from are risk factors the CDC has identified as increasing an individual's risk of severe illness from COVID-19.[2] The medical records also show that Defendant's medical concerns are all being appropriately managed by the BOP. An examination from 2017 notes scarring in her lower lungs, but there is no indication that such scarring is serious or a symptom of an underlying health condition. A scarred lung does not appear in any later medical records, nor does it appear that Defendant ever complained about complications with her lungs at subsequent visits. Without any conditions putting her at an increased risk of severe illness from COVID-19, Defendant has not shown that "extraordinary and compelling" reasons warrant compassionate release. Even if Defendant's allegations about BOP's treatment of the COVID-19 pandemic are true (which this Court has good reason to doubt), Defendant would still fail in her motion for compassionate release because she cannot show that she is at

---

[1] Notably, Defendant does not list asthma when she lists her other medical conditions. (Doc. No. 1023, at 12). She makes only a brief reference to asthma later in the motion wherein she claims that she has asthma and has been denied an inhaler. *Id.* at 13.

[2] *See* "People with Certain Medical Conditions," Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 27, 2021).

risk for severe complications from COVID-19 when she does not suffer from any of the medical conditions listed on the CDC website and all of her medical conditions are well-managed.

## IV. ORDER

For these reasons, Defendant's *pro se* motion for compassionate release, (Doc. No. 1023), is **DENIED.**

**SO ORDERED.**

Signed: January 27, 2021

Kenneth D. Bell
United States District Judge